NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOTIUR RAHMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 15-72028

Agency No. A202-098-781

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022[**]
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and EZRA,[***] District
Judge.

Petitioner Motiur Rahman petitions for review of a decision of the Board of

Immigration Appeals (BIA) affirming the order of an Immigration Judge denying

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of
Hawaii, sitting by designation.

his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Likewise, "[w]e review factual findings, including adverse credibility determinations, for substantial evidence." *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021) (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). "[T]here is no presumption that an applicant for relief is credible, and the [Immigration Judge] is authorized to base an adverse credibility determination on 'the totality of the circumstances' and 'all relevant factors.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Numerous unexplained inconsistencies exist in Petitioner's application and testimony. His testimony also evidenced a repeated inability to answer basic questions. Petitioner claimed to be a member and leader of the Bangladesh National Party (BNP) for a decade. Despite this, he was unable to correctly explain the meaning of "BNP" or provide details about what was discussed during BNP meetings or the differences between the BNP and its rival political party. *See Bingxu Jin v. Holder*, 748 F.3d 959, 966 (9th Cir. 2014) ("[T]he BIA appropriately considered Jin's 'lack of detail' about his Christian beliefs as one factor in evaluating

Jin's credibility[.]"). Petitioner was also inconsistent about filing a police report following an alleged bombing of a BNP meeting. In his application, he claimed that "[t]he police took [his] report but did not follow up on the matter." But then he testified that the police never took his report. Petitioner changed his story once again, testifying that he never "tr[ied] to file a police report." When asked to explain this discrepancy, Petitioner testified that he "went to the police station but they were angry and they asked him to leave." Petitioner was also inconsistent about his motivation to join the BNP. In his application, he claimed to have joined because his "uncle was a leader of the organization in [his] village" and he agreed with the party's principles. But when testifying, he initially gave a different reason multiple times as the "only reason" he joined the BNP, until the immigration judge confronted him with the discrepancy. Substantial evidence thus supports the immigration judge's adverse credibility determination. *See Lalayan*, 4 F.4th at 826. And without Petitioner's testimony, the remaining evidence in the record does not compel the conclusion that the agency erred in denying his asylum application. *See Duran-Rodriguez*, 918 F.3d at 1028.

To qualify for withholding of removal, Petitioner must satisfy a more stringent standard and demonstrate that it is "more likely than not" he would be persecuted on account of a protected ground if returned to Bangladesh. 8 C.F. R. § 1208.16(b)(2). Because he has not established eligibility for asylum, "he necessarily fails to satisfy

3

the more stringent standard for withholding of removal." *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

Finally, because Petitioner failed to address the denial of his claim for CAT protection in his opening brief on appeal, it is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION DENIED**.